UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dennis M. Gehrisch, | ) | |
| | ) | CASE NO.1:14 CV 2439 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| Chubb Group of Insurance Companies, | ) | |
| *et al*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a Motion to Dismiss Plaintiff's Second Amended

Complaint (ECF #27) for failure to state a claim on which relief can be granted filed by

Defendants Pacific Indemnity Company ("Pacific"), Chubb Group of Insurance Companies dba

The Chubb Corporation, Federal Insurance Company dba Chubb & Son, Inc., and Chubb and Son,

Inc. ("Defendants"). (ECF #35). In a separate Motion to Dismiss, Defendants move to dismiss

claims against the parties sued as Chubb Group of Insurance Companies dba The Chubb

Corporation, Federal Insurance Company dba Chubb & Son, Inc., and Chubb and Son, Inc., for

failure to state a claim on which relief can be granted. (ECF #34). Plaintiff, Dennis M. Gehrisch,

opposes both Motions to Dismiss by Memorandum in Opposition. (ECF #39, ECF #40). For the

reasons set forth herein, Defendants' Motion to Dismiss (ECF #35) is GRANTED. Because the

Court finds that Plaintiff has failed to state a claim on which relief can be granted against any of

the parties named as Defendants, the Motion to Dismiss claims against the parties sued as Chubb

Group of Insurance Companies dba The Chubb Corporation, Federal Insurance Company dba

Chubb & Son, Inc., and Chubb and Son, Inc., is moot. (ECF #34).

## STANDARD OF REVIEW

In evaluating a motion to dismiss, a court must construe the complaint in the light most

favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in

favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will

not, however, accept conclusions of law or unwarranted inferences cast in the form of factual

allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000); *see also City of*

*Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp 971, 975 (S.D.Ohio 1993).

In order to survive a motion to dismiss, a complaint must provide the grounds of the

entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

(2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

*Id.* (internal citation omitted); *see also Association of Cleveland Fire Fighters v. City of*

*Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the

Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S.

41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint

must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974. Conclusory

allegations, or legal conclusions asserted in lieu of factual allegations are not sufficient. *Bishop v.*

*Lucent Tech, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of

2

the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Dennis Gehrisch, with residences in Florida and Ohio, purchased a new Aston Martin ("Vehicle") and a Masterpiece Auto Preference insurance policy ("Policy") covering said Vehicle from Defendant Pacific in 2013.[1] (ECF #27, ¶ 1, 8, 10, ECF #1-1). Plaintiff's Policy is marked as "Issued by Pacific Indemnity Company." (ECF #1-1, Page ID #19).

Defendant Pacific Indemnity Company is an insurance company incorporated under the laws of the state of Wisconsin and is a subsidiary company of Defendant Chubb Group of Insurance Companies and is licensed to issue insurance policies and conduct business within the state of Ohio. (ECF #27, ¶ 3). Defendant Chubb Group of Insurance Companies *dba* The Chubb Corporation is an insurance company incorporated under the laws of the state of New Jersey, with its principal place of business in New Jersey, that does business within the state of Ohio. (ECF #27, ¶ 2). Defendant The Chubb Corporation is a publicly traded holding company located in New Jersey, is responsible for the business activities of "Chubb Group of Insurance Companies," and is

---

[1]
      For purposes of this Motion, the Court recognizes as true the facts as presented in Plaintiff's Second Amended Complaint, including the Exhibits incorporated therein. The Court considers the Policy included as Exhibit A in Plaintiff's original Complaint as incorporated into Plaintiff's Second Amended Complaint through reference by ¶ 8. The Court recognizes the complete Policy filed as Exhibit A on June 29, 2015, correcting page omissions from the original Exhibit A, to be incorporated into Plaintiff's Second Amended Complaint as a complete and accurate representation of Plaintiff's Policy. (ECF #27, ECF #27-1, ECF #27-2, ECF #27-3, ECF #27-4, ECF #27-5, ECF #27-6, ECF #27-6, ECF #27-7, ECF #1-1, ECF #44-1).

not licensed to issue insurance policies in the state of Ohio. (ECF #27, ¶ 4). Defendant Federal

Insurance Company *dba* Chubb & Son, Inc., is an insurance company licensed to issue insurance

policies and conduct business in the State of Ohio that Plaintiff alleges, based upon reasonable

belief, issued Plaintiff's Policy. (ECF #27, ¶ 5).

   Plaintiff arranged for the insured Vehicle to be transported by a third party carrier, Gulf

Coast Auto Services, from Naples, Florida, to Cleveland, Ohio in May 2014. (ECF #27, ¶ 11). The

transport trailer carrying Plaintiff's Vehicle flipped over, causing damage to the Vehicle, on May

22, 2014, while passing through Georgetown, Kentucky. (ECF #27, ¶ 12). Defendant's adjuster,

Tom Coletta, inspected the Vehicle and provided a cost estimate to repair the damage on June 17,

2014. (ECF #27, ¶ 14). Plaintiff was advised that Plaintiff's Policy would not cover diminution in

value caused to the Vehicle as a result of the damage and repair. (ECF #27, ¶ 15). Claim Examiner

Heather Lindsay sent  Plaintiff a letter dated September 5, 2014, attached as Exhibit A to the

Second Amended Complaint, advising Plaintiff that Plaintiff's First Party DIV (diminution in

value) coverage was being investigated. (ECF #27, ¶ 17, ECF #27-1). Lindsay attached a two page

document listing state penalties for persons who knowingly present fraudulent insurance claims,

which Plaintiff believes was intended to intimidate and deter Plaintiff from pursuing the

diminution in value claim. (ECF #27, ¶ 17, ECF #27-2).

   Plaintiff's Policy provides that a vehicle is considered a total loss "when the salvage value

(determined by [Pacific]) plus the cost (labor and parts of like kind and quality without deduction

for depreciation) necessary to repair the vehicle is equal to or greater than the market value of the

vehicle." (ECF #27, ¶ 22, ECF #44-1, Page ID#1061). During Initial Disclosures, Plaintiff

obtained from Defendant a File Note incorporated as Exhibit C to the Second Amended Complaint

4

listing the salvage value as $125,000, the repair costs as $36,065.35, the combined salvage and

repair total as $161,065.35, and the value of the vehicle as $297,940. (ECF #27, ¶ 18, ECF #27-3).

The difference between the market value and the combined salvage value and repair cost is

calculated to be $136,874.65, so the salvage value plus total cost to repair the vehicle is not equal

to or greater than the market value of the vehicle as cited in the File Note. (ECF #27-3). Plaintiff

alleges Defendant Chubb & Son, Inc., is identified as an entity holding the copyright of the Policy

that is licensed to conduct business in Ohio but not to issue insurance policies in Ohio. (ECF #27,

¶ 25, 6).

Plaintiff originally filed this suit in the Court of Common Pleas, Lake County, Ohio, and

Defendants removed to this Court on November 4, 2014, on the basis of diversity. (ECF #1).

Plaintiff's Second Amended Complaint (ECF #27), at issue in the present Motion to Dismiss (ECF

#35), names as Defendants "Chubb Group of Insurance Companies *dba* The Chubb Corporation,"

Pacific Indemnity Company, The Chubb Corporation, Federal Insurance Company *dba* Chubb &

Son Inc., and Chubb & Son Inc. Plaintiff claims bad faith denial of claim for denying diminution

in value claim, bad faith and fraud by failing to declare a total loss, breach of contract, two counts

of fraudulent inducement to purchase Policy, negligent and/or intentional infliction of emotional

distress, and declaratory relief.

## LAW AND ANALYSIS

Defendant Pacific Indemnity Company has moved to dismiss all of Plaintiff's substantive

claims for failure to state a claim on which relief can be granted, which include bad faith denial of

claim for denying diminution in value claim, bad faith and fraud by failing to declare a total loss,

breach of contract, two counts of fraudulent inducement to purchase Policy, negligent and/or

intentional infliction of emotional distress, and declaratory relief. (ECF #35). For the reasons

stated herein, the Court GRANTS Defendant's Motion to Dismiss. (ECF #35).

## I. Diminution in Value

Under Ohio law, insurance policies are contracts to be interpreted as a matter of law by the

Court. *Ramsey v. Allstate Ins. Co.*, 416 Fed.Appx. 516, 520–21 (6th Cir.2011), *LuK Clutch*

*Systems, LLC v. Century Indem. Co.*, 805 F.Supp.2d 370, 376 (N.D. Ohio 2011), *Sharonville v.*

*Am. Employers Ins. Co.*, 109 Ohio St.3d 186, 187 (Ohio 2006). While ambiguities will generally

be construed in favor of the insured, "this rule of insurance-policy interpretation will not be

applied in an unreasonable manner.' *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216 (Ohio

2003)." *LuK Clutch Sys., LLC v. Cent. Indem. Co.*, 805 F. Supp. 2d 370, 376 (N.D. Ohio 2011)

*quoting Allstate Ins. Co. v. Eyster*, 189 Ohio App.3d 640 (Ohio Ct.App.2010). It is "[o]nly when a

definitive meaning proves elusive should rules for construing ambiguous language  be employed.

Otherwise, allegations of ambiguity become self-fulfilling." *State v. Porterfield*, 829 N.E.2d 690,

692-93 (Ohio 2005). The mere possibility of an alternative reading does not mean an insurance

policy should be construed strictly against the insurer and in favor of the insured. *Skinner v.*

*Guarantee Trust Life Ins. Co.*, 813 F.Supp.2d 865, 868-69 (S.D. Ohio 2011).

Plaintiff argues that under the Policy, the provision of coverage for "all risk of physical loss

to [Vehicle] including collision unless stated otherwise or an exclusion applies" affords Plaintiff

coverage for diminution in value. (ECF #27, ¶ 29, ECF #1-1, Page ID #41). Plaintiff asks that the

Court define diminution in value as covered under this all-risk provision because it is not stated

otherwise or specifically excluded. The Court declines to follow this interpretation merely because

Plaintiff has found a possible ambiguity in the Policy. Plaintiff has alleged no facts supporting a

6

finding that the Parties intended diminution in value to be included, and courts have consistently held diminution in value is not covered under similar policy language.

Plaintiff's Policy provides that "[i]f the vehicle is partially damaged, [Pacific] will pay the amount required to repair or replace, whichever is less, the damaged part(s) without deduction for depreciation, up to the amount of coverage for each occurrence with labor and parts of like kind and quality." (ECF #44-1, Page ID #1061). Defendant abided by this portion of the Policy in repairing Plaintiff's Vehicle, and Plaintiff now wishes to claim additional funds under the "all-risk" section as a result of Defendant's adherence to the Policy.

Diminution in value is not a covered risk of physical loss but a measure of damages: "'perils' or 'risks' refer to 'fortuitous, active, physical forces...Neither diminution in value nor the cost of repair or replacement are active physical forces – they are not the cause of damages to the structures; they are the measure of the loss or damage." *State Farm Fire & Casualty Co. v. Superior Court*, 215 Cal. App. 3d 1435, 1444-45 (Cal. App. 4th Dist. 1989). Plaintiff's Policy covers the cost of repair where Vehicle is not a total loss, and "the nature of the repairs cannot create coverage where none exists. Diminution in value and cost of repair are not two separate harms – they are two different ways of measuring the same harm." *New Hampshire Ins. Co. v. Vieira*, 930 F.2d 696, 701 (9th Cir. 1991). That the car has been damaged and repaired has caused the value of the car to decrease from its market value is not an all-risk physical loss covered under the plain meaning of the Policy.

Because Plaintiff has alleged no facts supporting a finding that diminution in value was intended to be covered in the Policy by Parties and diminution in value was not covered under the plain language of the Policy, no reasonably plausible inference of liability can be made as to

7

Defendant's denying Plaintiff's diminution in value claim in bad faith (Count I) or Defendant's breach of contract in refusing to cover diminution in value as a result of repairs (Count III). Plaintiff has alleged absolutely no facts supporting a reasonably plausible inference of liability that Defendant intentionally, recklessly, fraudulently, and maliciously induced Plaintiff into purchasing the Policy with the specific intent of attempting to deny coverage for diminution in value claims and intentionally failed to disclose this material fact to Plaintiff (Count IV). Plaintiff has merely made conclusory statements of law with no factual support regarding this claim. Plaintiff has not stated an actual controversy warranting declaratory relief for entitlement to diminution in value coverage as Plaintiff's Policy on its face does not provide coverage for diminution in value (Count VII).

## II. Total Loss

Plaintiff claims Defendant intentionally, maliciously, willfully, and recklessly concealed the salvage bid amount and cost to repair the Vehicle, constituting fraud and bad faith. (ECF #27, ¶ 39). Under Plaintiff's Policy, a vehicle is considered a total loss "when the salvage value (determined by [Pacific]) plus the cost (labor and parts of like kind and quality without deduction for depreciation) necessary to repair the vehicle is equal to or greater than the market value of the vehicle." (ECF #27, ¶ 22, ECF #44-1, Page ID #1061). Plaintiff's Policy also provides that "[i]f [Plaintiff] or [Defendant] fail to agree on the amount of loss, [Plaintiff] or [Defendant] may demand an appraisal of the loss, and agree to be bound by its results." (ECF #44-1, Pade ID #1116). There is no evidence that Plaintiff disagreed with Defendant's valuation of the loss or made any objection to repair.

The File Note Plaintiff has attached to Plaintiff's Second Amended Complaint lists the

8

salvage value as $125,000 and the repair costs as $36,065.35, for a combined total of $161,065.35. (ECF #27-3). The market value of the car is listed as $297,940, so the salvage value plus the cost to repair the vehicle is plainly not equal to or greater than the market value of the vehicle. (ECF #27-3). Plaintiff alleges the File Note makes it clear that Plaintiff's Vehicle is a "total loss," entitling Plaintiff to payment for the agreed value of the Vehicle in the amount of $301,000. (ECF #27, ¶ 20). Simple mathematics applied to the meaning of total loss within Plaintiff's Policy show that this is not true. No reasonably plausible inference of liability can be made that Defendant fraudulently or in bad faith did not declare Plaintiff's Vehicle a total loss (Count II).

If there was any question as to what market value should be used in measuring whether or not a Vehicle is a total loss, courts have been clear that the market value after repairs have been made, which is admittedly significantly lower than before any damage occurs, is not the value to use: "Ohio law makes clear that the proper time to measure market value [for determining total loss] is <u>at the time</u> of the accident, or more specifically, immediately prior to the accident." *Schaller v. Nat'l Alliance Ins. Co.*, 496 F. Supp. 2d 890 (S.D. Ohio 2007) (emphasis in original), citing *Paterson-Leitch Co. v. Insurance Co. Of North Am.*, 366 F. Supp. 749, 756 (N.D. Ohio 1973). For the reasons stated above, Plaintiff's claims with respect to fraudulently and in bad faith failing to declare Plaintiff's Vehicle a total loss must be dismissed.

### III. Negligent and/or Intentional Infliction of Emotional Distress

Plaintiff claims that Defendant negligently and/or intentionally inflicted emotional distress on Plaintiff by attaching a list of penalties for fraudulent insurance claims to a letter dated September 5, 2014, intended to intimidate Plaintiff and discourage pursuit of the diminution in value claim. (ECF #27, ECF #27-2, ECF #27-1).

9

Plaintiff has not stated a claim for negligent infliction of emotional distress because

Plaintiff has alleged no threat of physical harm as a result of the letter attachment:

> To state a claim for negligent infliction of emotional distress under Ohio law, the plaintiff must allege that he was aware of real physical danger to himself or another. See *King v. Bogner*, 88 Ohio App.3d 564, 624 N.E.2d 364, 367 (Ohio Ct.App.1993); *see also Heiner v. Moretuzzo*, 73 Ohio St.3d 80, 652 N.E.2d 664, 669 (Ohio 1995) (Ohio courts have limited "recovery for negligent infliction of emotional distress to instances where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril").

*Doe v. SexSearch.com*, 551 F.3d 412, 417 (6th Cir. 2008).

Plaintiff has not stated a claim for intentional infliction of emotional distress. To state such

a claim, a Plaintiff must establish four elements:

> 1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community"; 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it." *Tschantz v. Ferguson*, 97 Ohio App.3d 693, 702, 647 N.E.2d 507 (1994) (citations omitted).

*DeLoach v. Am. Red Cross*, 967 F. Supp. 265, 268 (N.D. Ohio 1997). In no way does an

attachment describing the various state penalties for fraudulent insurance claim amount to conduct

so extreme and outrageous as to go beyond all possible bounds of decency to be considered utterly

intolerable in a civilized community.

No reasonably plausible inference of liability can be drawn with respect to Plaintiff's

negligent and/or intentional infliction of emotional distress claims (Count VI). Plaintiff has simply

not alleged facts supporting a finding of either negligent or intentional infliction of emotional

distress, and these claims must therefore be dismissed.

### IV. Fraudulent Inducement to Purchase Policy by Chubb & Son, Inc.

Plaintiff alleges Chubb & Son, Inc., is identified on the Policy in such a fashion as to cause a reasonable person to conclude that Chubb & Son, Inc., acted as the insurer and/or indemnitor under the Policy. (ECF #27, ¶ 54). Chubb & Son, Inc., is not registered to issue insurance policies with the Ohio Department of Insurance. (ECF #27, ¶ 55). Plaintiff alleges that Defendant Chubb & Son, Inc., intentionally, recklessly, fraudulently, and maliciously induced Plaintiff into purchasing a Policy without legal authority to do so, and intentionally failed to disclose this material fact to Plaintiff. (ECF #27, ¶ 56). Plaintiff's Policy is issued by Pacific Indemnity Company, as made clear by a review of the Policy itself. (ECF #1-1). Plaintiff has alleged no additional facts supporting a finding that Chubb & Son, Inc., was at all involved with Plaintiff's purchase of Policy with Pacific Indemnity Company or induced Plaintiff to purchase the Policy. Therefore, no reasonably plausible inference of liability can be made as to Plaintiff's fraudulent inducement to purchase a Policy by Chubb & Son, Inc (Count V). This claim must be dismissed.

### CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim on which relief can be granted is hereby GRANTED. (ECF #35). Because the Court finds that Plaintiff has failed to state a claim against any of the named Defendants, Defendants' Motion to Dismiss Plaintiff's claims against the parties sued as Chubb Group of Insurance Companies dba The Chubb Corporation, Federal Insurance Company dba Chubb & Son, Inc., and Chubb and Son, Inc., is moot. (ECF #34).

IT IS SO ORDERED.

11

DONALD C. NUGENT
United States District Judge

DATED: July 2, 2015